IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-60,467-04






EX PARTE DON VICTOR HARBOLT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W90-11313-V IN THE 292ND DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for a writ of habeas corpus forwarded to this Court
pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of forgery and
punishment, enhanced by a prior conviction, was assessed at confinement for fifteen years and a
$500 fine. There was no appeal from this conviction.

 Applicant contends that he has not received credit for several periods of time in which he
was confined in California between 1993 and 2004 pursuant to parole violator warrants in this
cause. The trial court has entered no findings of fact.

 It is this Court's opinion that additional facts need to be developed, and since this Court
cannot hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum. The trial court may resolve those issues as set out in Article
11.07, § 3(d), TEX.CODE CRIM.PROC., in that it may order affidavits, depositions, or
interrogatories from both the criminal institutions and parole divisions of the Texas Department
of Criminal Justice, or it may order a hearing.

 If the trial court elects to hold a hearing the court should first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent, and Applicant desires representation
by counsel, the trial court shall then appoint an attorney to represent him at the hearing pursuant
to the provisions of Article 26.04, TEX.CODE CRIM.PROC.

 Following the receipt of additional information the trial court should make findings of
fact as to: what credit Applicant has been given for time he was confined on parole violator
warrants between 1993 and 2004; what dates, if any, that Applicant was confined in California
between 1993 and 2004 pursuant to a parole violator warrant in this cause; and whether
Applicant has presented this claim to the Texas Department of Criminal Justice office of time
credit resolution. The trial court should also make any further findings of fact and conclusions of
law which it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application for post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 60 days of the date of this order. (1) A supplemental
transcript containing any affidavits, exhibits, or transcription of the court reporter's notes from
any evidentiary hearing, along with the trial court's supplemental findings of fact and conclusions
of law, shall be returned to this Court within 90 days of the date of this order. (2) 




DELIVERED: January 18, 2006

DO NOT PUBLISH




Keasler, J., not participating.
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.